98 F.3d 1343
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin Lamar NIVINS, Defendant-Appellant.
 No. 95-4320.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1996.
 
 1
 Before: KENNEDY, DAUGHTREY, and WEIS,* Circuit Judges.
 
 ORDER
 
 2
 Kevin Lamar Nivins appeals a district court order revoking his supervised release and sentencing him to two years of imprisonment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1991, Nivins pleaded guilty in the United States District Court for the Southern District of West Virginia to conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846. That court sentenced Nivins to forty-two months of imprisonment and five years of supervised release. On April 6, 1994, Nivins was released from imprisonment and began serving his five year term of supervised release. Jurisdiction over Nivins's supervised release was subsequently transferred to the United States District Court for the Southern District of Ohio.
 
 
 4
 In July 1995, the United States Probation Office prepared a report, alleging that Nivins had violated several conditions of his supervised release. Following a hearing, the district court concluded that Nivins had violated the terms of his supervised release. Consequently, the court revoked Nivins's supervised release and sentenced him to twenty-four months of imprisonment to run consecutively to state sentences that Nivins was serving.
 
 
 5
 In this timely appeal, Nivins's counsel has filed a motion to withdraw her representation and a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which she argues that: 1) the district court improperly failed to consider the policy statements contained in Chapter 7 of the Sentencing Guidelines before imposing its sentence; 2) the district court should have imposed Nivins's sentence to run concurrently with state sentences that Nivins was serving; and 3) the district court should have refrained from revoking Nivins's supervised release until he had exhausted the appeals challenging his state convictions. Nivins has not responded to his counsel's motion to withdraw.
 
 
 6
 Upon review, we conclude that the district court considered the policy statements contained in Chapter 7 of the Sentencing Guidelines when revoking Nivins's supervised release and imposing sentence. Further, the court properly imposed Nivins's sentence for the supervised release revocation to run consecutively to the sentences for his state convictions. USSG § 7B1.3(f), p.s. The district court also properly proceeded to revoke Nivins's supervised release without waiting for him to exhaust the appeals for his state convictions. Lastly, we have examined the record in this case and conclude that no reversible error is apparent from the record.
 
 
 7
 Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph F. Weis, Jr., Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation